This patent infringement case is before the court on motions for summary judgment by Intergraph Corporation (Intergraph) and Altek Corporation (Altek), who were noticed into this action as third-party defendants under Rule 41(a). Plaintiff, Summagraphics Corporation (Summa-graphics), alleges that two of its patents relating to coordinate digitizers have been infringed by equipment purchased by defendant United States. Plaintiff therefore brings suit for accounting and royalties under 28 U.S.C. §1498 (1976). At issue are U.S. Patent No. 3,904,809 for an "inductively coupled grid cursor” (Nadon patent) and U.S. Patent No. 3,904,822 for an "absolute position determining system using free stylus” (Kamm patent).
Third-party defendants allege that they never manufactured a device infringing the Nadon patent. They further contend that the primary objective of the Kamm patent was effective utilization of the "grid cursor” or stylus covered by the Nadon patent, and that since they did not make such a "grid cursor,” they could not have infringed the Kamm patent. Thus they seek summary judgment as to themselves as third-party defendants. We believe, however, that at this time there exist issues of material fact in this case and that summary judgment is therefore inappropriate.
*832 Third-party defendants’ motion for summary judgment as to the Nadon patent is supported by affidavits from the companies’ presidents that they never manufactured[1] a Nadon-type "grid cursor.” Plaintiff is unable to counter these affidavits with affidavits or specific facts of its own, but attributes this inability to third-party defendants’ dispositive motions, which suspended discovery and prevented plaintiff from obtaining more specific information. We have frequently held that failure to present specific facts or affidavits in opposition to those provided by a party moving for summary judgment is ground for granting that motion. See, e.g., Pacific Far East Line, Inc. v. United States, 206 Ct. Cl. 378, 384-85, 513 F.2d 1355, 1358-59 (1975); Rule 101(f). This court has discretion, however, to deny the motion where further discovery appears necessary to clarify the facts. Rule 101(g). Such is the case here.
As for the summary judgment motions on the Kamm patent infringement question, we find after careful scrutiny of the allegations and affidavits of all the parties, that summary judgment is inappropriate. Third-party defendants contend that because they did not manufacture the Nadon-type "grid cursor” (a factual issue not yet resolved), they could not have infringed the Kamm patent. Plaintiff has submitted the affidavit of its expert Satish Dhawan, whose analysis indicates that the real innovation in the Kamm patent was the system’s use of impulse timing to pinpoint location of the stylus. This innovation apparently had as a by-product the advantage of being able to use the more convenient Nadon-type stylus. It does not appear from the materials submitted by the parties, however, that utilization of the Nadon-type "grid cursor” was the primary objective of the Kamm patent. At the very least, there is significant uncertainty as to this factual issue. Thus we are unable to find as a matter of law that third-party defendants could not have infringed (and did not infringe) the Kamm patent simply because they did not manufacture the Nadon-type "grid cursor.”
*833 Parties have raised a number of legal arguments in support of their positions, including file wrapper estoppel and the doctrine of equivalency. Because of our conclusion that material factual issues exist, we do not address these arguments at this time. We feel that these would be more appropriately dealt with by the Trial Judge.
Accordingly, it is therefore ordered, after consideration of the submissions of the parties and without oral argument of counsel, that third-party defendants’ motions for summary judgment are denied without prejudice. This cause is hereby remanded to the Trial Judge for appropriate action, including ordering of discovery, not inconsistent with the above.

 Intergraph avers that it neither manufactured nor bought and resold an infringing device, while Altek avers only that it never manufactured such a device. In view of our disposition of these motions, the difference does not concern us at this time.